### UNITED STATES v. SCRUGGS, VANDERVOORT & BARNEY DRY GOODS CO.

(Circuit Court, E. D. Missouri, E. D. September 17, 1906.)

No. 5,253 (1,793).

CUSTOMS DUTIES—CLASSIFICATION—SILK-WOOL DRESS GOODS.

Construing Tariff Act July 24, 1897, c. 11, § 1, providing (1) in Schedule K, par. 369, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], for "women's and children's dress goods * * * in part of wool," and (2) in Schedule L, par. 387, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669], for "woven fabrics in the piece * * * weighing not less than one and one-third ounces per square yard, and not more than eight ounces per square yard, * * * dyed in the thread or yarn, and containing more than forty-five per centum in weight of silk," held, with reference

to dress goods composed in chief value of silk, but in part of wool, that the latter is more specific, and is the controlling, provision.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below related to goods imported at the port of St. Louis. Note U. S. v. Slazenger (C. C.) 113 Fed. 524. The opinion of the Board reads as follows:

Lunt. General Appraiser. The merchandise covered by this protest consists of certain silk and wool fabrics designated in the invoice by Nos. 4,872 and 29,217, upon which duty was assessed at 11 cents per square yard and 55 per cent. ad valorem under the provision of paragraph 369, Tariff Act July 24, 1897. c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667] for woolen dress goods, which reads as follows:

"Par. 369. On women's and children's dress goods, coat linings, Italian cloths, bunting, and goods of similar description or character composed wholly or in part of wool, and not specially provided for in this act. * * *"

The claim is made that the merchandise is properly dutiable under the provisions of paragraph 387, Tariff Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669], relating to silk woven goods. The Board has submitted the samples to the United States appraiser at the port of New York for analyses, and from the report, as returned by him, it appears that these goods are descriptively and specifically provided for in paragraph 387. The Board also finds that: (1) The samples consist of silk and wool, silk being the component material of chief value in every instance. (2) The merchandise covered in the invoice by No. 4,872 consists of worsted warp and silk filling, the weight of the fabric being 39.9 per cent. of silk, yarn dyed, and 60.1 per cent. of wool. (3) The merchandise covered in the invoice by No. 29.217 consists of wool and silk, the weight of the fabric being 65.5 per cent. of silk, yarn dyed, and 34.5 per cent. of wool.

We hold: (1) That the merchandise covered by finding 2 is dutiable at $1.30 per pound under the specific provision of paragraph 387 for "woven fabrics in the piece not specially provided for in this act, weighing not less than one and one-third ounces per square yard and not more than eight ounces per square yard, * *. * dyed in the thread or yarn and containing more than .30 and not more than 45 per centum in weight of silk. * * *" (2) That the merchandise covered by finding 3 is dutiable at $3 per pound under the specific provision of paragraph 387 for "woven fabrics in the piece not specially provided for in this act, weighing not less than one and one-third ounces per square yard and not more than eight ounces per square yard, * * * dyed in the thread or yarn and containing more than 45 per centum in weight of silk, * * * and the weight is not increased beyond the original weight of the raw silk. * * *"

It will be noticed that paragraphs 369 and 387 each contain the "not specially provided for" provision, and therefore one offsets the other, and the paragraphs are to be construed as if this provision was absent from each of them. We think that paragraph 387 is the more precise and specific than the provision for dress goods in paragraph 369, and therefore, hold that these silk and wool goods are dutiable under paragraph 387, as claimed in the protest. This is in accordance with the decision of the Supreme Court in Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, 34 L. Ed. 110. If the specific duty provided for such fabrics in paragraph 387 should prove to be less than 50 per cent. of the value, then said fabrics are dutiable at 50 per cent. as provided in the end of paragraph 387. The protest is sustained to the extent as above indicated and overruled; in all other respects as to all other items.

See G. A. 4,724, T. D. 22,360.

E. P. Johnson, Asst. U. S. Atty., and David P. Dyer, U. S. Atty. Everit Brown (Ralph Pierson, on the brief), for importers.

FINKELNBURG, District Judge. The decision of the Board of General Appraisers in the above-entitled cause is affirmed, for the reasons stated in the Board's opinion, as filed in the record; and the collector is ordered to reliquidate the entry in accordance therewith.